

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*86 Chambers Street*
*New York, New York 10007*

September 30, 2020

**VIA ECF**
Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

**MEMO ENDORSED** at page 4.

Re:   *Karuppasamy v. United States Citizenship and Immigration Services, et al.*,
      20 Civ. 7823 (ER)

Dear Judge Ramos:

This Office represents defendant United States Citizenship and Immigration Services ("USCIS") in this action, which the government removed from state court on September 23, 2020. *See* ECF No. 3.  I write respectfully, in accordance with Your Honor's individual rules of practice, to request a pre-motion conference in anticipation of the government's filing of a motion to dismiss, to the extent that the Court determines that this matter should proceed to briefing.  As discussed below, this action is frivolous—in particular, with regard to the relief sought against USCIS, namely, an order halting its alleged processing and adjudication of a third-party's supposed application for immigration benefits—and thus may be subject to dismissal *sua sponte* under the Court's inherent powers.  In addition, the action should also be dismissed for lack of subject-matter jurisdiction and for failure to state a claim.

By way of background, plaintiff Karthik Karuppasamy ("Karuppasamy") commenced this action by filing what is styled as a "Petition" in New York State Supreme Court for the County of New York on July 3, 2020.  *See* ECF No. 3-1.  Although the Petition is not a model of clarity, it appears to allege, in relevant part, that defendant Tatyana Zemskova ("Zemskova") has committed various illegal and fraudulent acts and that Zemskova purportedly has some unspecified application pending before defendant USCIS that Karuppasamy wishes to "halt[ the] progress" of so that he can provide USCIS with derogatory evidence about her.  *See id*. at bullet point 2.  The remainder of the Petition appears to be directed at Zemskova.  *See id.* at bullet points 3-12.

   I.   **The petition should be dismissed.**

As an initial matter, the Petition fails to satisfy the pleading requirements of the Federal Rules of Civil Procedure.  It does not contain "a short and plain statement of the grounds for the court's jurisdiction," nor any "showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2).  It also fails to set forth "its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances," nor does it state "each claim [that is] founded upon a separate transaction or occurrence . . . in a separate count."  Fed. R. Civ. P. 10.  Indeed, the Petition sets forth no "causes of action," "claims," or "counts."  *See* ECF No. 3-1.

Moreover, the action is entirely frivolous, particularly with regard to USCIS. The sole part of the Petition that concerns USCIS appears to be the first and third sentences of the second bullet point, which states in full as follows:

> This petition seeks an order halting progress in immigration paperwork of Ms. Tatyana Zemskova in order to examine the illegal activities, frauds and potential on-going fraud by the subject. And also seeks evidentiary material to resolve disputes of on-going lawsuit and to submit to law enforcement. And also seeks an opportunity for plaintiff to speak with immigration officers and provide proofs and materials that will be essential in your evaluation.

ECF No. 3-1 at bullet point 2. The Petition cites no legal basis for an individual to obtain an order requiring USCIS to stop processing or adjudicating another individual's application for immigration benefits or to require USCIS to provide him a role in the processing or adjudication of any such application, nor is the government aware of any ground for such relief.[1]

As this Court has recognized, district courts may dismiss frivolous claims in an exercise of their inherent authority:

> A district court has the inherent authority to dismiss an action that lacks an arguable basis either in law or in fact, regardless of whether the *pro se* plaintiff has paid the filing fee. An action lacks an arguable basis in law when the claim is based on an indisputably meritless legal theory.

*Koger v. Richardson*, No. 19 Civ. 9053 (ER), 2019 WL 5080008, at *1 (S.D.N.Y. Oct. 10, 2019) (internal quotation marks, alterations, and citations omitted).[2]

This case lacks any arguable basis in law as it is apparently based on the indisputably meritless legal claim that the plaintiff has a right to obtain an order allowing him to interfere in the government's adjudication of the immigration application of another person.

This action also fails because sovereign immunity bars plaintiff's claims against USCIS. "The doctrine of sovereign immunity is long standing in American jurisprudence." *Nkansah v.*

---

[1] The government assumes, for purposes of its motion to dismiss, the truth of the facts asserted in the Petition, including that such an application is pending with USCIS. *See, e.g.*, *Woodward v. Perez*, No. 12 Civ. 8671 (ER), 2014 WL 4276416 (S.D.N.Y. Aug. 28, 2014) (quoting *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013), for the proposition that a "district court deciding a motion to dismiss may consider factual allegations made by a *pro se* party in his papers opposing the motion").

[2] "The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, [or] fails to state a claim on which relief may be granted." *Pickett v. GM*, No. 20 Civ. 75 (ER), 2020 WL 1049183, at *1 (S.D.N.Y. Mar. 4, 2020) (citing 28 U.S.C. § 1915(e)(2)(B)), *appeal dismissed* (2d Cir. No. 20-1266 June 17, 2020); *Tatum v. City of New York*, No. 19 Civ. 2581 (ER), 2019 WL 1877385, at *1 (S.D.N.Y. Apr. 26, 2019) (same). Indeed, the Court has *sua sponte* dismissed *pro se* complaints that are frivolous or fail to state a claim. *See, e.g.*, *Bey v. Trump*, No. 20 Civ. 5574 (ER), 2020 WL 4340612, at *1-2 (S.D.N.Y. July 27, 2020).

*United States*, No. 1:18-cv-10230-PAC, 2020 WL 1435178 at *3 (S.D.N.Y. Mar. 24, 2020) (citing *Cohens v. Virginia*, 19 U.S. (Wheat) 264, 411–12 (1821)). The United States, as sovereign, is immune from suit except in the manner and degree sovereign immunity is waived. *United States v. Testan*, 424 U.S. 392 (1976); *see also Adeleke v. United States*, 355 F.3d 144, 150 (2d Cir. 2004) (quoting *United States v. Mitchell*, 463 U.S. 206, 212 (1983)) ("It is, of course, 'axiomatic' under the principle of sovereign immunity 'that the United States may not be sued without its consent.'"). In the absence of an express congressional waiver of immunity, an action against the United States or its agencies does not fall within the judicial power of the federal courts. *See Glidden Co. v. Zdanok*, 370 U.S. 530 (1962); *see also Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999) (per curiam) ("[A] waver of sovereign immunity with respect to the claim asserted is a prerequisite to subject matter jurisdiction."). "The doctrine of sovereign immunity is jurisdictional in nature, and therefore to prevail, the plaintiff bears the burden of establishing that [his] claims fall within an applicable waiver." *Makarova*, 201 F.3d at 113 (citations omitted). As defendant USCIS is a federal agency, the plaintiff must allege both the basis for the Court's jurisdiction and the specific statute containing the waiver of sovereign immunity. The plaintiff has failed to do so. Because he cites no waiver of sovereign immunity applicable to this action, USCIS should be dismissed from this action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

Even construing the *pro se* petition liberally as attempting to seek an order of mandamus under 28 U.S.C. § 1361, such a claim would fail. To obtain relief under that statute, the plaintiff must show that "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman*, 523 F.3d 119, 133 (2d Cir. 2008). The petition fails to satisfy the requirements for such relief as there is no identified (or identifiable) basis to conclude that the plaintiff has a clear right to an order allowing him to interfere in its processing or adjudication of another individual's immigration application, or that USCIS owes any duty to the plaintiff. The Court thus lacks subject matter jurisdiction over the plaintiff's action to the extent it is construed as attempting to assert a claim for mandamus relief. *See H.M.G. v. Johnson*, 599 F. App'x 396, 397 (2d Cir. 2015) (summary order) (affirming dismissal of mandamus claim for lack of subject matter jurisdiction where plaintiff had "identified neither a clear right to relief nor a 'plainly defined and peremptory duty' on the part of the federal agency respondents").

In sum, this action is frivolous and may be dismissed under the Court's inherent powers. The action also is subject to dismissal for lack of subject matter jurisdiction and failure to state a claim. If the Court determines to proceed with motion practice without holding a pre-motion conference, the government respectfully requests that it be given thirty days to submit its motion to dismiss.

I thank the Court for its consideration.

        Respectfully submitted,

        AUDREY STRAUSS
        Acting United States Attorney

By:    s/ *Joshua E. Kahane*
        JOSHUA E. KAHANE
        Assistant United States Attorney
        86 Chambers Street, Third Floor
        New York, NY 10007
        Tel: (212) 637-2699
        joshua.kahane@usdoj.gov
        *Attorney for Defendant USCIS*

cc:  Karthik Karuppasamy, Plaintiff *pro se* (by Certified Mail)
     Tatyana Zemskova, Defendant *pro se* (by Certified Mail)

---

Plaintiff is directed to respond to the arguments in USCIS' letter, Doc. 6, by letter of no more than 3 pages by October 14, 2020.

It is SO ORDERED.

                                                      _____
                                                       Edgardo Ramos, U.S.D.J
                                                       Dated: 9/30/2020

Copies Mailed to Plaintiff                             New York, New York
Chambers of Edgardo Ramos