UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KARTHIK KARUPPASAMY,

                Plaintiff,

– against –

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES and
TATYANA ZEMSKOVA,

                Defendants.

**OPINION & ORDER**

20 Civ. 7823 (ER)

RAMOS, D.J.:

*Pro se* Plaintiff Karthik Karuppasamy brings this action against defendants Tatyana Zemskova and United States Citizenship and Immigration Services ("USCIS") alleging fraud and various illegal activities by Zemskova and seeking an order that USCIS halt its process and adjudication of some unspecified immigration application filed by Zemskova. Doc. 3-1. Pending before the Court are USCIS' and Zemskova's motions to dismiss. Docs. 12, 35. For the reasons that follow, both motions are GRANTED.

**I.    BACKGROUND**

    **A.    Factual Background**

Karuppasamy's petition arises out of prior disputes and litigation between Zemskova and him. Doc. 3-1 at 3. According to Karuppasamy's petition, both he and Zemskova are residents of New York. Docs. 3-1 at 3, 3-2 at 3. Although Karuppasamy's petition is not a model of clarity, the petition alleges that Zemskova defrauded him out of over $27,000. Doc. 3-1 at 1. The petition further alleges that Zemskova worked without authorization in the United States from approximately 2015 to 2016. *Id*. Karuppasamy's petition also claims that Zemskova "sent

armed men" to his home in July 2018 to intimidate him. *Id*. at 3. Karuppasamy seeks to oblige Zemskova to reveal certain personal information and documents, including "proof of returning money borrowed from me, proof of work eligibility . . . in 2015-2016," "proof of eligibility to run a business, . . . in 2019 and beyond," her immigration status, and a copy of her alleged asylum application filed in 2016. *Id*. at 3-4. The petition further states that Karuppasamy pursued litigation before the New York County Supreme Court in 2017, seeking the return of the money from Zemskova, before dropping the case. *Id*. at 4.

Karuppasamy later created a website where he posted highly negative "facts" about Zemskova that he claimed to know with certainty, alleging that she was running a prostitution service, that she is a "fraudster," and posting photographs of her and her acquaintants. Docs. 3-1 at 4, 35-1 at 4-15. In April 2018, Zemskova filed a petition demanding that he take down the website. Doc. 3-1 at 4. Karuppasamy complied, and the parties executed a document stating that Karuppasamy would "never write about her on the internet and that [he would] pay $75,000" if he did so. *Id*. On approximately June 23, 2018, a second website appeared online, hosted by a German website hosting company, which included similar negative information about Zemskova as the first website. *Id*. Zemskova confronted Karuppasamy about the second website and requested the $75,000. *Id*. Karuppasamy alleges he did not create the website and that it was actually a "fraud" created by Zemskova in order to make him look responsible for the website. *Id*. Karuppasamy seeks to present this information to USCIS and asks that USCIS cease the adjudication of an unspecified immigration application by Zemskova. *Id*. Karuppasamy's petition does not specify which claims he is bringing against Zemskova and which, if any, claims he brings against USCIS. His petition does not include any basis for seeking to intervene in Zemskova's immigration application.

2

B.     **Procedural History**

Karuppasamy brought this claim in New York County Supreme Court for the County of New York on July 3, 2020.  Doc. 3-1 at 1.  On September 24, 2020, USCIS removed the Petition to this court pursuant to 28 U.S.C. § 1442(a)(1).  Doc. 3.  On December 7, 2020, USCIS moved to dismiss on the following four grounds:  for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1); as a frivolous claim under 28 U.S.C. § 1915; for failure to comply with the pleading standards required by Fed. R. Civ. P. 8; and for failure to state a claim for which relief could be granted under Fed. R. Civ. P. 12(b)(6).  Docs. 12, 13.

On December 29, 2020, Karuppasamy moved the Court for default judgement against Zemskova.  Doc. 17.

Zemskova did not appear in this action until June 21, 2021.  Doc. 23.  By letter motion, Zemskova requested leave to file a motion to dismiss and stated that she had not previously received notice of the action and that the address on file with the Court was not her correct address.  Doc. 22.  On July 22, Zemskova filed a motion to dismiss Karuppasamy's complaint pursuant to Rules 8, 12(b)(1), and 12(b)(6) of the Federal Rules of Civil Procedure, and New York's C.P.L.R.  3211(a)(4) and (a)(7).  Docs. 34, 35.  Zemskova asserts that the complaint should be dismissed because Karuppasamy has brought the same claims before the New York County Supreme Court, because the action is frivolous, and because the Court lacks subject matter jurisdiction.  Doc. 35.  The same day, Karuppasamy filed his opposition to Zemskova's motion, consisting of several affirmations and a cross-motion moving the Court to deny Zemskova's motion.  Docs. 36-41.  On July 25, 2021, Zemskova filed her reply to Docs. 36-41 by letter, rather than by brief, rebutting certain statements in Karuppasamy's opposition.  Docs.

42, 43.[1]  In her reply, Zemskova stated that she stood by her motion to dismiss and pointed out a typographical error in her memorandum of law that she would like to correct.  *Id*.

## II.     RELEVANT LEGAL STANDARDS

### A.     Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) requires that an action be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate the case.  *See Mason Tenders Dist. Council of Greater New York and Long Is. v. CAC of New York, Inc.,* 46 F. Supp. 3d 432, 435 (S.D.N.Y. 2014).  The party asserting subject matter jurisdiction carries the burden of establishing, by a preponderance of the evidence, that jurisdiction exists.  *See Morrison v. Nat'l Australia Bank Ltd.,* 547 F.3d 167, 170 (2d Cir. 2008) (quoting *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir. 2000)).  On a Rule 12(b)(1) motion challenging the district court's subject matter jurisdiction, evidence outside of the pleadings, such as affidavits, may be considered by the Court to resolve the disputed jurisdictional fact issues.  *See Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi,* 215 F.3d 247, 253 (2d Cir. 2000); *see also Morrison,* 547 F.3d at 170 (citing *Makarova,* 201 F.3d at 113).  When evaluating a motion to dismiss for lack of subject matter jurisdiction, the Court accepts all material factual allegations in the complaint as true but does not necessarily draw inferences from the complaint favorable to the plaintiff.  *See J.S. ex rel. N.S. v. Attica Cent. Sch.,* 386 F.3d 107, 110 (2d Cir. 2004) (citing *Shipping Fin. Servs. Corp. v. Drakos,* 140 F.3d 129, 131 (2d Cir. 1998)).

Where, as here, a party also seeks dismissal on Rule 12(b)(6) grounds, the Court must consider the Rule 12(b)(1) motion first, *Baldessarre v. Monroe–Woodbury Cent. Sch. Dist.,* 820

---

[1] Zemskova filed two letters that are substantially the same, but Doc. 43 corrects minor spelling errors in Doc. 42.

F. Supp. 2d 490, 499 (S.D.N.Y. 2011), *aff'd sub nom. Baldessarre ex rel. Baldessarre v. Monroe–Woodbury Cent. Sch. Dist.,* 496 F. App'x. 131 (2d Cir. 2012), because "disposition of a Rule 12(b)(6) motion is a decision on the merits, and therefore, an exercise of jurisdiction." *Chambers v. Wright,* No. 05 Civ. 9915 (WHP), 2007 WL 4462181, at *2 (S.D.N.Y. Dec. 19, 2007) (quoting *Magee v. Nassau Cnty. Med. Ctr.,* 27 F. Supp. 2d 154, 158 (E.D.N.Y. 1998))

### B.     Rule 12(b)(6)

When ruling on a motion to dismiss pursuant to Rule 12(b)(6), district courts are required to accept as true all factual allegations in the complaint and to draw all reasonable inferences in the plaintiff's favor. *See Walker v. Schult,* 717 F.3d 119, 124 (2d Cir. 2013). However, this requirement does not apply to legal conclusions, bare assertions, or conclusory allegations. *See Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)). In order to satisfy the pleading standard set forth in Rule 8 of the Federal Rules of Civil Procedure, a complaint must contain sufficient factual matter to state a claim to relief that is plausible on its face. *Id*. (citing *Twombly,* 550 U.S. at 570). Pleadings that tender "naked assertions devoid of further factual enhancement," *id*. (quoting *Twombly,* 550 U.S. at 557) (internal quotation marks omitted), or "an unadorned, the-defendant-unlawfully-harmed-me accusation" will not suffice. *Id*. (quoting *Twombly,* 550 U.S. at 555). In addition to requiring sufficient factual matter to state a plausible claim to relief, Rule 8 requires a "short and plain statement" of a plaintiff's claim in order to "give the adverse party fair notice of the claim asserted so as to enable him to answer and prepare for trial." *Salahuddin v. Cuomo,* 861 F.2d 40, 41-42 (2d Cir. 1988). It is within the Court's discretion to dismiss a complaint "so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Shomo v. New York,* 374 F. App'x. 180, 182 (2d Cir. 2010) (quoting *Salahuddin,* 861 F.2d at 42).

### C. *Pro Se* Plaintiff

*Pro se* pleadings must comply with the Federal Rules of Procedure. *See Antwi v Health and Human Sys. (Centers) F.E.G.S.,* No. 13 Civ. 835 (ER), 2018 WL 2452755, at *2 (S.D.N.Y. May 31, 2018). However, *pro se* litigants are held to "less stringent standards than formal pleadings drafted by lawyers." *Santiago v. United States*, 222 F. Supp. 3d 353, 356 (S.D.N.Y. 2016) (quoting *Ferran v. Town of Nassau*, 11 F.3d 21, 22 (2d Cir. 1993)). This means that like other litigants, *pro se* plaintiffs "cannot withstand a motion to dismiss unless their pleadings contain factual allegations sufficient to raise a 'right to relief above the speculative level.'" *Jackson v. NYS Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (quoting *Twombly*, 550 U.S. at 555). While the Court holds submissions by *pro se* litigants to "less stringent standards," *Ferran*, 11 F.3d at 22 (quoting *Hughes v. Rowe,* 449 U.S. 5, 9 (1980)), it liberally construes their pleadings "to raise the strongest arguments that they suggest." *McPherson v. Coombe,* 174 F.3d 276, 280 (2d Cir. 1999) (citations omitted). Nonetheless, *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck,* 710 F.2d 90, 95 (2d Cir. 1983)); *see also Zapolski v. Federal Republic of Germany,* 425 F. App'x. 5, 6 (2d Cir. 2011) (*pro se* plaintiffs must plead sufficient facts to establish a plausible claim to relief and establish subject matter jurisdiction). A *pro se* plaintiff's pleadings still must contain "more than an unadorned, the defendant-unlawfully-harmed me accusation." *Iqbal*, 566 U.S. at 678. A complaint that "tenders naked assertion[s] devoid of further enhancement" will not suffice. *Id*. (quoting *Twombly*, 550 U.S. at 557) (internal quotation marks omitted); *see also Triestman*, 470 F.3d at 477 ("[P]ro se status 'does not exempt a party from compliance with relevant rules of procedural and substantive law.'") (quoting *Traguth*, 710 F.2d at 95).

Additionally, as the Second Circuit has noted, "[a] district court deciding a motion to dismiss *may* consider factual allegations made by a *pro se* party in his papers opposing the motion." *Walker,* 717 F.3d at 122 n.1 (emphasis added).  Finally, a complaint by a *pro se* plaintiff that is "frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune to such relief," must be dismissed by the Court.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.,* 141 F.3d 434, 437 (2d Cir. 1998).

### III. DISCUSSION

#### A. Lack of Subject Matter Jurisdiction

Karuppasamy's petition provides no basis for the exercise of federal subject matter jurisdiction.  Federal subject matter jurisdiction exists only when a federal question is presented (28 U.S.C. § 1331), or when there is diversity of citizenship and the amount in controversy exceeds $75,000 (28 U.S.C. § 1332).  If a court lacks subject matter jurisdiction, it must dismiss the claim.  Fed. R. Civ. P. 12(b)(1).  Lack of subject matter jurisdiction is not waivable, and a party, or the Court, may raise it at any time as a reason to dismiss the case.  *See Oscar Gruss & Son, Inc. v. Hollander*, 337 F.3d 186, 193 (2d Cir. 2003).  The burden of proving subject matter jurisdiction is on the plaintiff and "[j]urisdiction must be shown affirmatively."  *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir. 2003); *see also Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994); *Makarova*, 201 F.3d at 113.

Furthermore, the United States and federal entities, including USCIS, possess sovereign immunity and cannot be sued absent either consent or an express waiver by Congress.  *See Garcia v. United States,* No. 18 Civ. 2200 (ER), 2019 WL 719198 at *3 (S.D.N.Y. Feb. 19, 2019) (citing *United States v. Mitchell*, 463 U.S. 206, 212 (1983)).  It has long been held that the

United States "is immune from suit save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Sherwood*, 312 U.S. 584, 586 (1941).  The doctrine of sovereign immunity thus bars federal courts from hearing all suits against the federal government, including its agencies, absent a waiver of sovereign immunity.  *See, e.g.*, *United States v. Mitchell*, 445 U.S. 535, 538 (1980); *Robinson*, 21 F.3d at 510 ("Because an action against a federal agency . . . is essentially a suit against the United States, such suits are . . . barred under the doctrine of sovereign immunity, unless such immunity is waived."); *Pazhani v. Infosys Americas*, No. 20 Civ. 6406 (VEC), 2020 WL 5350530, at *1 (S.D.N.Y. Sept. 3, 2020) (dismissing plaintiff's action against USCIS on the basis of sovereign immunity).  Such waiver must be "unequivocally expressed" and not implied. *United States v. Testan,* 424 U.S. 392, 399 (1976) (quoting *United States v. King*, 395 U.S. 1, 4 (1969)).

      Karuppasamy has not alleged any facts to suggest waiver of USCIS' sovereign immunity. In a later letter to the Court, Karuppasamy asserts that the Court should reject USCIS' sovereign immunity defense pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA").  Doc. 9 at 1.  Notwithstanding Karuppasamy's belated invocation, the FTCA is inapplicable here.  The FTCA provides the "exclusive" remedy "for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment."  28 U.S.C. § 2679(b)(1).  The FTCA provides for a waiver of sovereign immunity for injuries for claims against a federal agency.  28 U.S.C. § 1346(b)(1); *see also Bey v. Trump,* No. 20 Civ. 5574 (ER), 2020 WL 4340612, at *2 (S.D.N.Y. July 27, 2020).  Here, Karuppasamy's petition fails to assert any negligent or wrongful act by USCIS.

Furthermore, the FTCA requires a plaintiff to first exhaust his administrative remedies by filing a claim for monetary damages with the appropriate entity and receiving a written determination. *See* 28 U.S.C. § 2675(a); *Phillips v. Generations Family Health Ctr.*, 723 F.3d 144, 147 (2d Cir. 2013); *Bey*, 2020 WL 4340612, at *2. "Failure to exhaust the agency's administrative remedies within the statute of limitations will render the claim 'forever barred.'" *Castellanos v. Elrac Inc.*, No. 07 Civ. 2191 (DLE) (KAM), 2008 WL 919641, at *2 (E.D.N.Y. Apr. 3, 2008) (citing 28 U.S.C. § 2401(b)). The exhaustion requirement is jurisdictional. *See Celestine v. Mount Vernon Neighborhood Health Cir.,* 403 F.3d 76, 82 (2d Cir. 2005). Because Karuppasamy has not alleged any negligent or wrongful act by USCIS, and because there is no indication that he has pursued any administrative remedy, Karuppasamy's reliance on the FTCA fails.

By the same letter submitted in opposition to USCIS' motion, Karuppasamy also cites to the Administrative Procedure Act ("APA") and argues that under the APA he is entitled to access the Court to "seek agency review" for USCIS' actions. Doc. 9 at 2. Karuppasamy argues that the Court should allow him to intervene in USCIS' processing of Zemskova's application for immigration benefits based on federal courts' power to review agency actions that are "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." *Id*. (citing 5 U.S.C. § 706). However, the APA is inapplicable to Karuppasamy's claims.

The APA does not provide subject matter jurisdiction within itself; instead, it provides for a waiver of sovereign immunity when "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. *See also Up State Fed. Credit Union v. Walker*, 198 F.3d 372, 374 (2d Cir. 1999) ("It is well established that in any suit in

9

which the United States is a defendant, a waiver of sovereign immunity with respect to the claim is a prerequisite to subject matter jurisdiction."). Furthermore, under the APA, a plaintiff is only entitled to redress for wrongs because of agency action when there is "some statute or regulation that would limit the [agency]'s discretion." *Lunney v. United States*, 319 F.3d 550, 558 (2d Cir. 2003). "[T]he only agency action that can be compelled under the APA is action legally *required*." *Norton v. S. Utah Wilderness All.*, 542 U.S. 55, 63 (2004). Karuppasamy has failed to allege any action required by USCIS as to Zemskova's applications. Indeed, it is unclear from Karuppasamy's petition whether Zemskova has any immigration petition or application pending before USCIS; even if she had, the APA provides no recourse for a third party to seek judicial review.

Therefore, Karuppasamy's action against USCIS is dismissed for lack of subject matter jurisdiction.

### B. Frivolous Claim - 28 U.S.C. § 1915

Even if this Court did have subject matter jurisdiction, the action must also be dismissed in its entirety under 28 U.S.C. § 1915(e)(2) because it is frivolous and does not state a claim on which relief can be granted. A district court is required to dismiss a case if the claim is determined to be frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B)(I); *see also Livingston*, 141 F.3d at 437. A case is "frivolous" when either: (1) "the 'factual contentions are clearly baseless,' such as when allegations are the product of delusion or fantasy;" or (2) "the claim is 'based on an indisputably meritless legal theory.'" *Livingston*, 141 F.3d at 437*; Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)); *see also Bey*, 2020 WL 4340612, at *1-2. Karuppasamy's bare assertion that the claim is not

frivolous is unavailing.  Doc. 9.  For the reasons discussed above, Karuppasamy's case against USCIS is dismissed as frivolous and for failure to state a claim.

        **C.**        **Failure to State a Claim**

The petition is also subject to dismissal under Rule 12(b)(6) and Rule 8 because Karuppasamy has not plausibly alleged any claim against USCIS for which relief can be granted. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).  As described above, Karuppasamy has not alleged any plausible claims against USCIS.  He has failed to assert any basis for his action against USCIS in his petition, his letters, or his multiple affirmations, which primarily describe his interactions with Zemskova.  In its memorandum in support of its motion to dismiss, USCIS correctly states that there is no legal basis for a person to obtain an order to halt the immigration application of another.  Doc. 13 at 9.  Even liberally construing Karuppasamy's assertion that USCIS has a "duty of care" to "hold an investigation before proceeding with provision of any immigration benefits" to "questionable" applicants, Doc. 9 at 1-2, as an action for a writ of mandamus, Karuppasamy fails to state a claim.  In order to assert a claim for mandamus, Karuppasamy must show "(1) there is a clear right to the relief sought; (2) the Government has a plainly defined and peremptory duty to perform the act in question; and (3) there is no other adequate remedy available." *Benzman v. Whitman,* 523 F.3d 119, 133 (2d Cir. 2008); *Glara Fashion, Inc. v. Holder*, No. 11 Civ. 889 (PAE), 2012 WL 352309, at *11 (S.D.N.Y. Feb. 3, 2012).  Plainly, Karuppasamy has no right to interfere in the immigration applications of another person.

Likewise, Karuppasamy's petition fails under Fed. R. Civ. P. 8.  Rule 8 requires that the plaintiff's pleading must contain "a short and plain statement of the grounds for the court's jurisdiction" and  "short and plain statement of the claim showing that the pleader is entitled to

relief[.]" Fed. R. Civ. P. 8(a)(1) and (2).  As mentioned above, even though *pro se* litigants are held to less stringent standards, they still must comply with the Federal Rules of Civil Procedure, including Rule 8.  *See Pickett v. GM and Motor Liquidation Co.,* No. 20 Civ. 75 (ER), 2020 WL 1049183, at *2 (S.D.N.Y. Mar. 4, 2020) (citing *Twombly*, 550 U.S. at 570).  Karuppasamy has not provided any statement of the grounds for the Court's jurisdiction, nor has he articulated a claim.  He fails to state any basis for subject matter jurisdiction in his petition, letters, or affirmations.  Consequently, Rule 8 provides another basis for dismissal.

For these reasons, Karuppasamy's action against USCIS is dismissed with prejudice.  Under Federal Rules of Civil Procedure Rule 15(a), a party either "may amend its pleading once as a matter of course" within a certain time period, or with leave of Court or consent of the opposing party.  Fed. R. Civ. P. 15.  Leave to amend a pleading should be freely granted when justice so requires, Fed. R. Civ. P. 15 (a)(2), but denial of leave to amend is proper where the amendment would be futile or would result in "undue prejudice to the opposing party."  *Holmes v. Grubman*, 568 F.3d 329, 334 (2d Cir. 2009).  An amendment is considered futile where the plaintiff is unable to demonstrate that he would be able to cure the defects in a manner that would survive a motion to dismiss.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with [plaintiff's] cause[] of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied."); *Maack v. Wyckoff Heights Med. Ctr.*, No. 15 CIV. 3951 (ER), 2017 WL 4011395, at *8 (S.D.N.Y. Sept. 11, 2017), *aff'd*, 740 F. App'x. 1 (2d Cir. 2018).  For the reasons stated above, there is no basis for Karuppasamy to intervene in USCIS' adjudication of another person's application for immigration benefits.  The Court therefore dismisses USCIS as a defendant with prejudice.

### D. Claims Against Zemskova

For the same reasons stated above, the Court grants Zemskova's motion to dismiss.[2] Zemskova argues that this action is frivolous, that it is duplicative of another action before the New York County Supreme Court, and that should USCIS be dismissed as a defendant, Zemskova must be dismissed for lack of diversity jurisdiction. As stated above, an action that is frivolous or malicious and does not state a claim on which relief can be granted must be dismissed. 28 U.S.C. § 1915(e)(2); *see also Livingston*, 141 F.3d at 437. Zemskova correctly asserts that Karuppasamy is not entitled to the information about her that he seeks through his petition, nor does he have standing to interfere in USCIS' adjudication of any immigration application filed by her. Doc. 35 at 13. Zemskova also lays out the litigation history between the parties and the many other cases Karuppasamy has brought arising out of the same facts. *Id.* at 6-11, 14-15; Doc. 35-8.

The prior litigation between the parties, which includes a pending petition filed by Karuppasamy before the New York County Supreme Court in January 2020, Index. No. 151027/2020, Doc. 35-7, bars this action. Furthermore, prior cases between the parties have been resolved through settlement or other judgment on the merits. To the extent Karuppasamy's action against Zemskova repeats claims resolved by the parties' prior settlement agreement, the instant claims are barred by the doctrine of *res judicata*. The Court may consider *sua sponte* whether an action is barred by *res judicata*. *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993). The doctrine also applies to actions brought *pro se* litigants. *See Cieszkowska v. Gray*

---

[2] Zemskova filed a memorandum of law in support of her motion to dismiss, and Karuppasamy the same day filed several affirmations contesting "lies" in Zemskova's memorandum of law. Docs. 35, 36-41. However, Karuppasamy's opposition largely consists of the same allegations previously submitted to the Court and does not provide any legal basis why the Court should not dismiss this case. Karuppasamy's opposition also urges, for the first time, that Zemskova removed from the United States, Doc. 37, which this Court does not have jurisdiction to do.

*Line N.Y.*, 295 F.3d 204, 205–06 (2d Cir. 2002); *Austin v. Downs, Rachlin, & Martin Burlington St. Johnsbury*, 270 F. App'x 52, 53 (2d Cir. 2008) (summary order).

In November 2017, Karuppasamy voluntarily dismissed his first complaint against Zemskova, filed in November 2016 before the Civil Court for the County of New York, Index No. CV-020490-16/NY. Docs. 3-1, 35 at 6, 35-3. After he created the first website about Zemskova, she filed a petition against him seeking its removal, Index. No. 152929/2018, before the New York County Supreme Court. Doc. 35 at 7. The parties resolved that case by executing a settlement agreement and mutual release, stating that each "release[d], waive[d], and forever discharge[d] each other . . . from any and all demands, causes of action, claims and costs relating in any way to each and every claim each may have had or has against the other."[3] Doc. 35-5 at 1. "The doctrine of *res judicata,* or claim preclusion, holds that 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'" *Monahan v. New York City Dep't of Corrections,* 214 F.3d 275, 284 (2d Cir. 2000) (citing *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). *Res judicata* applies where prior actions have been discontinued pursuant to settlement agreements, *Boguslavsky v. S. Richmond Sec., Inc.*, 225 F.3d 127, 130 (2d Cir. 2000), and to actions voluntarily dismissed with prejudice.[4] *Mohamad v. Rajoub*, 767 F. App'x 91, 92 (2d Cir. 2019). Thus, to the extent Karuppasamy's petition against Zemskova restates the same grievances litigated, and decided,

---

[3] The parties entered the settlement following an action Zemskova brought against Karuppasamy in New York County Supreme Court to compel him to remove the website. Doc. 35 at 7. The litigation history between the parties is long and includes at least one active case between the parties currently pending before the New York County Supreme Court, and at least seven other suits that Karuppasamy has brought arising out of his personal conflict with Zemskova against other entities, including a school Zemskova attended and the Manhattan District Attorney's Office. Doc. 35 at 7, Doc. 35-8.

[4] While the record is silent as to whether Karuppasamy dismissed his first complaint with prejudice, the parties' settlement agreement bars the instant case regardless.

before the New York County Civil Court and New York County Supreme Court, it is barred by *res judicata*.

Finally, Zemskova correctly argues that, assuming USCIS is dismissed as a defendant, Karuppasamy's action must be dismissed for lack of subject matter jurisdiction. Doc. 35 at 15-16. To possess subject matter jurisdiction there must be complete diversity between the parties in the action, and the controversy must exceed the sum of $75,000. 28 U.S.C. § 1332. As Zemskova correctly states, the Court lacks subject matter jurisdiction over Karuppasamy's action against Zemskova under either 28 U.S.C. § 1331 or 28 U.S.C. § 1332, as Karuppasamy has not alleged federal question jurisdiction and both parties are New York residents.[5] Doc. 3-1. Furthermore, Karuppasamy's assertions about the creation of the second website do not state a claim in accordance with the pleading requirements of Rule 8. Karuppasamy's statement that Zemskova committed identity fraud, Doc. 3-1 at 4, is a legal conclusion without more. Therefore, with USCIS dismissed as a defendant from this action and no federal question at issue nor any federal defendant, there is no diversity jurisdiction between the parties and no basis for subject matter jurisdiction. Doc. 35 at 16. Because the Court lacks subject matter jurisdiction, Karuppasamy is denied leave to amend his claims against Zemskova.

## IV.   CONCLUSION

For the foregoing reasons, USCIS' and Zemskova's motions to dismiss are GRANTED. Karuppasamy's cross-motion is DENIED, and his motion for default judgment against

---

[5] Although Karuppasamy has updated his ECF address to Miami, Florida, and several of his affirmations are signed from South Lake Tahoe, California, he has not plead that he is not a New York resident, or that subject matter jurisdiction exists on the basis of diversity. In fact, in his opposition to Zemskova's motion to dismiss, Karuppasamy insists that he maintains "vocational and personal" ties to New York. Doc. 37 at 2.

Zemskova is DENIED as moot.  The Clerk of the Court is respectfully directed to terminate the motions, Docs. 12, 17, 35, and 41, and to close the case, 20 Civ. 7823 (ER).

It is SO ORDERED.

Dated:   August 13, 2021
        New York, New York

_____
Edgardo Ramos, U.S.D.J.